## GRAY v. TURNER, USE OF JOHNSON.

When the person for whose use a suit is instituted dies pending the suit, it is not necessary that his personal representatives should be made parties, but the suit proceeds in the name of the nominal plaintiff.

Writ of error to the Circuit Court of Russell County.

ASSUMPSIT in the County Court by Turner, who sues for the use of Johnson, against Gray, as the maker of a promissory note. At a term subsequent to the filing of the declaration, the defendant suggested the death of Johnson, for whose use the suit was brought, and prayed that no proceedings should be had until his personal representatives were made parties. The plaintiff's attorney conceded the death of the *cestui que use*, but declined to make his representatives parties. The Court therefore decided that the suit abate, and rendered judgment that the defendant go hence without day. A writ of error was prosecuted by the plaintiff to the Circuit Court, when this matter was assigned as error. The Circuit Court reversed the judgment of the County Court, and remanded the cause. Gray now prosecutes this writ of error, and assigns that the Circuit Court erred in reversing the judgment of the County Court.

HARRIS for plaintiff in error, insisted that the *cestui que use* was in fact the real party to the suit, as by the nominal party's admission, the equitable interest is not in him. Suppose an off set insisted on against the one for whose use the suit is brought, how can the nominal party litigate that matter? Besides the statute, [Clay's Digest, 316, § 22] allows costs against that party, and impliedly takes away the right for costs against the nominal plaintiff.

HEYDENFELDT, contra, cited Clay's Digest, 312, § 3.

GOLDTHWAITE, J.—Although the individual for whose use a suit is instituted is, to some extent, regarded by our statutes as the actual plaintiff, yet we do not think he is so for every purpose. In the case of Brown vs. Foster, 4 Ala. Rep. 282, after referring to the statutes which bear upon this practice of suing for the use of another, we say that we are not aware of any decisions here or elsewhere, which gives such a suit any other effect against the defendant than to exclude evidence of admissions made by the nominal plaintiff pending the suit. On principle this admission of interest in another seems to stand on the same footing as any other, except that it affords evidence that the defendant is advised of the transfer of the interest in the suit. The County Court seems to have proceeded upon the ground that the beneficial interest in the suit was actually transferred to the person for whose use it was brought; but conceding this to be the effect, it will not follow that his personal representatives, in the event of his death, must be made parties before it can properly proceed. It is insisted that this consequence results from the statute which allows costs to be given against the person for whose use the suit is brought. [Clay's Digest, 366, § 22.] This does not however, make it obligatory upon the defendant so to enter his judgment, but only permits him to do so if he deems it expedient. The previous statute which allows the suit to proceed, notwithstanding the death of the nominal plaintiff, [ib. 313, § 3,] is of the same nature, and was intended to give a right which did not previously exist. The object in both enactments seem to be, to relieve this convenient practice from the difficulties which existed, growing out of the circumstance, that the legal and beneficial interests is disjoined.

In the present condition of this suit the defendant cannot be debarred from any right which he might have, if the beneficial plaintiff was yet alive, except that the election is taken away, to have costs rendered against his personal representatives, in the event of gaining the suit.

Judgment affirmed.